UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TANG CAPITAL PARTNERS, LP,<br><br>            Plaintiff,<br><br>            v.<br><br>CELL THERAPEUTICS, INC.,<br><br>            Defendant. | ) ELECTRONICALLY FILED<br>)<br>) Index No. 08 Civ. 17 (CM)(DCF)<br>)<br>)<br>) **ANSWER**<br>)<br>)<br>)<br>) |

       Defendant Cell Therapeutics, Inc. ("CTI"), by and through its attorneys, hereby submits an answer to the complaint filed by Plaintiff Tang Capital Partners, LP ("Tang Capital"), as follows:

**PARTIES**

       1.     CTI is without knowledge or information sufficient to form a belief as to the allegations in paragraph 1 of the Complaint, and therefore denies the same.

       2.     CTI admits the allegations in paragraph 2 of the Complaint.

**JURISDICTION AND VENUE**

       3.     CTI is without knowledge or information sufficient to form a belief as to the allegations in paragraph 3 of the Complaint, and therefore denies the same.

       4.     CTI admits that both parties consented and agreed to submit to the exclusive jurisdiction of the state and federal courts sitting in the City of New York, borough of Manhattan, for the adjudication of disputes under or in connection with the Securities Purchase Agreement between Tang Capital and CTI. All remaining allegations of paragraph 4 constitute

conclusions of law to which a pleading response is not required, and CTI therefore denies the same.

## STATEMENT OF FACTS

5.     CTI admits that Exhibit 1 to the Complaint is a Securities Purchase Agreement entered into between Tang Capital and CTI on or about April 16, 2007, as alleged in paragraph 5 of the Complaint.  CTI further admits that under the terms of the Securities Purchase Agreement, Tang Capital agreed, *inter alia*, to purchase 3,000 shares of Cell Therapeutics Series B 3% Convertible Preferred Stock, and that such stock was denominated with a Stated Value of $3,000,000.  Except as expressly admitted herein, CTI denies each and every remaining allegation in paragraph 5 of the Complaint.

6.     CTI admits the allegations in paragraph 6 of the Complaint.

7.     CTI admits the allegations in the first sentence of paragraph 7 of the Complaint. CTI further admits that the block quote entitled "Negative Covenants" recited in paragraph 7 accurately quotes certain language excised and removed from the full context of Article II (2)(b), Section 10 of CTI's Certificate of Designation.  Except as expressly admitted herein, CTI denies each and every remaining allegation in paragraph 7 of the Complaint.

8.     CTI denies that the allegations in paragraph 8 of the Complaint accurately quote the definition of "Common Stock Equivalents" set forth in Article I, Section 1.1 of the Stock Purchase Agreement.  The terms of the Stock Purchase Agreement speak for themselves.

9.      Paragraph 9 of the Complaint alleges compound legal conclusions to which no pleading response is required, but to the extent any response is deemed required, CTI denies each and every allegation in paragraph 9 of the Complaint.

10.     CTI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 concerning Tang Capital, and therefore denies each and every such allegation in paragraph 10 of the Complaint.  CTI denies that paragraph 10 of the Complaint accurately quotes Article III, Section 3.1(c) of the Securities Purchase Agreement, as it omits language from that section of the Agreement essential for a proper understanding and construction of the Agreement.  The Securities Purchase Agreement speaks for itself.

11.     CTI admits the allegations in the first sentence of paragraph 11 to the extent that CTI is alleged to have sought consent "to restructure all or a portion of its existing indebtedness which may include the cancellation, exchange or acquisition of such Common Stock Equivalents and/or the issuance of new notes, Junior Securities or other inducements involving Common Stock or Common Stock Equivalents to one or more of the holders of such indebtedness."  CTI denies the allegations in the second sentence of paragraph 11 of the Complaint.

12.     CTI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and on that basis denies them, but admits that Tang Capital did not give its written consent to the Action by Written Consent of the Series B 3% Convertible Preferred Shareholders of Cell Therapeutics, Inc. sent on or about November 26, 2007.

13.     CTI admits the truth of the allegations in paragraph 13 of the Complaint as of this date.

14.     CTI admits that on or around December 11, 2007, CTI filed the Articles of Correction to the Articles of Amendment to Amended and Restated Articles of Incorporation of CTI ("Articles of Correction"), and CTI further admits that the Articles of Correction were filed without obtaining written consent from at least 67% of the holders of Series B 3% Convertible Preferred Stock.  CTI further admits that the definition of Common Stock Equivalents alleged in paragraph 14 of the Complaint is a substantially accurate recitation of the definition found in the Articles of Correction, as filed.  Except as expressly admitted herein, CTI denies each and every remaining allegation of paragraph 14.

15.     CTI denies the allegations set forth in paragraph 15 of the Complaint.

16.     CTI denies the allegations set forth in paragraph 16 of the Complaint.

17.     CTI admits the allegations in paragraph 17 of the Complaint and respectfully refers the Court to the document referenced for a complete and accurate statement of its contents.

18.     CTI admits the allegations in the second sentence in paragraph 18 of the Complaint that the stock price dropped on December 13, 2007.  Except as expressly admitted herein, CTI denies each and every remaining allegation in paragraph 18 of the Complaint.

19.     CTI admits that paragraph 19 of the Complaint accurately quotes the definition of "Triggering Redemption Amount" from the Transaction Documents.  Except as expressly admitted, CTI denies each and every remaining allegation set forth in paragraph 19 of the Complaint.

### DEMAND FOR COMPLIANCE

20. CTI admits the allegations in paragraph 20 of the Complaint, and respectfully refers the Court to the documents referenced for a complete and accurate statement of their contents.

21. CTI denies the allegations in paragraph 21 of the Complaint.

## FIRST CAUSE OF ACTION

### (BREACH OF CONTRACT)

22. CTI incorporates and restates its responses to paragraphs 1 through 21 as though fully set forth herein.

23. CTI denies the allegations in the second sentence in paragraph 23 of the Complaint, and admits the allegations in the first sentence of paragraph 23.

24. CTI denies the allegations in paragraph 24 of the Complaint.

25. CTI denies the allegations in paragraph 25 of the Complaint.

26. CTI denies the allegations in paragraph 26 of the Complaint.

27. CTI denies the allegations in paragraph 27 of the Complaint.

28. CTI denies the allegations in paragraph 28 of the Complaint.

## AFFIRMATIVE DEFENSES

Without in any way admitting any of the allegations in the Complaint and without admitting or suggesting that CTI bears the burden of proof on any of the following issues, as separate and independent affirmative defenses, CTI alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim for relief.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff could not reasonably rely, and did not actually rely, on the definition of "Common Stock Equivalents" as set forth in the Transaction Documents to Plaintiff's detriment or injury.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim that holders of Series B 3% Convertible Preferred Stock were entitled to and possessed rights, preferences and privileges superior to the rights of holders of the Subordinated Notes is contrary to applicable law and barred by public policy.

### FIFTH AFFIRMATIVE DEFENSE

The Articles of Correction corrected a scrivener's error in the Amended and Restated Articles of Incorporation of CTI as to the definition of "Common Stock Equivalents," and did

not materially and adversely affect any legally cognizable rights of any holders of the Series B 3% Convertible Preferred Stock.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's breach of contract claim is barred for failure of a condition.

### SEVENTH AFFIRMATIVE DEFENSE

The inclusion of the word "debt" in the original definition of "Common Stock Equivalent" was a mutual mistake.

**WHEREFORE**, CTI prays for relief as follows:

(a) For judgment to be entered in favor of CTI and against Tang Capital;

(b) For Tang Capital to be awarded no damages;

(c) For reformation of the Stock Purchase Agreement based on the actual intent of CTI and Tang Capital; and

(d) For costs of defense of suit, attorneys' fees and interest, as provided by statute, by the terms of the Securities Purchase Agreement, or otherwise;

(e) For such other and further relief as the Court may deem just and proper.

/ / /

/ / /

/ / /

Dated: January 22, 2008 Respectfully Submitted,
New York, New York HELLER EHRMAN LLP

By: /s/ Kevin A. Burke

    Kevin A. Burke (KB-0580)

Times Square Tower
7 Times Square
New York, New York 10036
(212) 832-8300

    Daniel J. Dunne (WSBA No. 16999)*
    Joshua B. Selig (JS-1271)

701 Fifth Avenue, Suite 6100
Seattle, WA 98104
(206) 447-0900

Attorneys for Defendant Cell Therapeutic, Inc.


* *Pro hac vice* admission application
  forthcoming.