*Memo[illegible]*

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/4/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

TANG CAPITAL PARTNERS, LP,

                Plaintiff,

       v.

CELL THERAPEUTICS, INC.,

                Defendant.

---------------------------------------------------------------x

No. 08 Civ. 0017 (CM) (DCF)

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

WHEREAS, Plaintiff Tang Capital Partners, LP ("Tang") has commenced the above-captioned action; and

WHEREAS, Defendant Cell Therapeutics, Inc. ("CTI") disputes the allegations in the Complaint; and

WHEREAS, discovery in this action may involve the disclosure of documents, things and information in the possession, custody or control of the parties or non-parties that constitute or contain trade secrets or other confidential research, development, commercial, or proprietary information, or must be kept confidential under applicable law;

WHEREAS, the distribution of such information should reasonably be restricted, and good cause exists for the entry of this Order;

NOW, THEREFORE, pursuant to Fed. R. Civ. P. 26(c), IT IS HEREBY ORDERED that all Parties in this action, and their employees, agents, attorneys, representatives, partners, managers, members, officers and directors, shall follow the procedures set forth herein with respect to certain documents and other information produced and/or disclosed in this action and all appeals taken or filed in connection therewith (the "Litigation"):

1. <u>Definitions.</u>

(a) The term "Discovery Material" shall mean all documents, materials, or other information produced or disclosed by any entity, and the contents thereof, including documents, materials, or information produced or disclosed:

   (1) during discovery;

   (2) in any pleading, document, affidavit, brief, motion, transcript, or other writing or Court papers;

   (3) in testimony given in deposition or hearing; or

   (4) in any copies, notes, abstracts, or summaries of such information.

(b) The term "Producing Entity" shall mean any party or non-party who produces Discovery Material to any party in connection with the Litigation.

(c) The term "Receiving Party" shall mean any party who receives Discovery Material in connection with the Litigation.

(d) The term "Confidential Information" shall mean non-public information labeled as "Confidential" pursuant to the terms of this Stipulated Protective Order, any copies of that information, and any information or documents containing any portion, abstract, or summary of that information.

(f) The term "Confidentially Designated Information" shall mean Confidential Information.

2. <u>Labeling of Confidentially Designated Information.</u>

(a) Any Discovery Material considered in good faith by the Producing Entity to be confidential or proprietary may be conspicuously labeled "Confidential."

(b) In addition to designating as confidential any Discovery Material it provides, a party may designate as confidential any Discovery Material disclosed by a

2

Producing Entity, if in the good faith opinion of such party, the Discovery Material contains confidential information of the party.

3. <u>Curing a Failure To Designate.</u> Notwithstanding the terms of paragraph 2, the inadvertent or unintentional production of documents or other material without labeling such documents as "Confidential" shall not be deemed a waiver in whole or in part of a Producing Entity's claim to so label such information, provided that the Producing Entity gives prompt, written notice of the desired designation to all parties after discovery of such inadvertent disclosure or failure to designate.

4. <u>Inadvertent Production.</u> The inadvertent production of any document or information during the course of discovery in this action shall not be deemed to constitute a waiver of any attorney-client privilege, work product protection or other applicable privilege or immunity that would otherwise attach to the document or information produced. Upon discovery of such inadvertent production, the Producing Party must promptly notify all other parties of the claim of privilege or other protection or immunity. Upon such notice, and consistent with Federal Rule of Civil Procedure 26(b)(5)(B), all other parties shall promptly return or destroy all copies of the document or information in question; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the document or information if the party disclosed it before being notified; and shall so notify the Producing Party in writing of its compliance. Such destruction and notice shall not constitute an admission that the document or information in question is in fact subject to the claimed privilege, protection, or immunity. The parties may, as appropriate, enter into a "quick peek" agreement or other agreements to facilitate and expedite the review and production of documents without waiving any attorney-client privilege, work product protection or other applicable privilege or immunity, and the Producing

3

Party retains the right to designate as "Confidential" any documents or other materials reviewed pursuant to such agreement.

    5.    <u>Labeling of Deposition Transcripts.</u>

(a)    Any Producing Entity may designate all or part of a deposition transcript as Confidential Information using the same criteria set forth in paragraph 2 above. Such designation must be made on the record during the deposition.

(b)    If, during a deposition, a question calls for an answer that any person desires to be governed by a confidentiality designation pursuant to this Order, that person may request any person to leave the room for the period of such confidentially designated testimony where disclosure of that testimony to such person would not be permitted by paragraph 7 of this Order.

    6.    <u>Challenging a Designation</u>. Up until the day that is thirty days before the close of discovery in this action, any party may challenge a designation of any Discovery Material as Confidentially Designated Information. After the party gives notice of such challenge to the Producing Entity, if the dispute concerning such a challenge cannot be resolved within ten (10) business days after giving such notice, the party challenging the confidentiality designation may file a motion, with notice to the Producing Entity and an opportunity for the Producing Entity to be heard in response, seeking the Court's permission to remove or change the confidentiality designation. Pending resolution of the confidentiality challenge by the Court, any Confidentially Designated Information shall continue to be treated in accordance with its original designation.

    7.    <u>Prohibited Disclosures and Uses</u>.

(a)    Confidential Information shall be used only for the purpose of prosecuting or defending claims in the Litigation and not for any other purpose.

Confidential Information shall not be published, disseminated or disclosed to any person except the following:

(i) The parties;

(ii) The parties' in-house counsel and attorney(s) of record for the parties, and their paralegal, stenographic, and clerical employees, clerical agents, or clerical sub-contractors whose duties and responsibilities require access to such Discovery Material to assist in the Litigation;

(iii) Any outside copying and document processing entity or person retained by any party to assist in connection with the Litigation;

(iv) Any graphics person or entity retained by any party to assist in the production of demonstrative evidence or visual aids exclusively for purposes of the Litigation;

(v) Any outside consultants, and their employees whose duties and responsibilities require access to materials designated Confidential Information exclusively for purposes of the Litigation;

(vi) Persons designated and disclosed as expert witnesses to assist in the conduct of the Litigation;

(vii) The Court;

(viii) Court reporters, stenographers, and persons preparing transcripts of testimony under the supervision of a court reporter or stenographer; and

(ix) Any person as may hereafter be agreed to in advance in writing by the Producing Entity or as may hereafter be authorized by further order of the Court.

(b) Notwithstanding anything else in this Order, (i) there shall be no prohibition of disclosure of Confidentially Designated Information to the Producing Entity or to any person clearly identified in such document as its author or addressee; (ii) if Confidentially Designated Information makes specific reference to words or conduct attributed to any person, any party may reveal such specific reference to the person to whom such words or conduct are attributed; and (iii) there shall be no prohibition of disclosure of Confidentially Designated Information to any non-

        party witness during a deposition or trial testimony given by the witness provided the examining attorney has a good faith basis for believing that the witness has knowledge regarding the Confidentially Designated Information. To the extent any Confidentially Designated Information is disclosed to a non-party witness pursuant to this paragraph, the party making such disclosure shall provide a copy of this Order to that witness and the witness's attorney, and that witness and attorney shall be bound by the terms of this Order.

(c)     Notwithstanding anything else in this Order, the usage, dissemination, and disclosure restrictions and obligations set forth herein shall not apply to any information which: (i) was public knowledge when produced by the Producing Entity or has become public knowledge other than as a result of disclosure by a Receiving Party, its employees or agents in violation of this Protective Order; (ii) has come or shall come into a receiving party's legitimate possession independently of the Producing Entity and not as a result of the disclosure of Confidentially Designated Information by the Producing Entity in this or any other action or government investigation (and the receiving party shall have the burden of persuasion as to such receipt); or (iii) has been independently developed by or for the Receiving Party without use of, or reference to, the Producing Entity's Confidentially Designated Information.

8.     No disclosure may be made to a person identified in Paragraph 7(a)(iii)-(vi) unless that person has first acknowledged in a signed writing that he or she has read this Stipulated Protective Order and agrees to be bound by its terms, in the form attached hereto as Exhibit A.

9.  In the event of disclosure of any Confidentially Designated Information to any person or entity not authorized for access to such material under the terms of this Stipulated Protective Order, the party responsible for having made, and any party having knowledge of, such disclosure shall inform counsel for the Producing Entity, within a reasonable time, of all information concerning the nature and circumstances of the disclosure. The responsible party shall also promptly take all reasonable measures to recover the Confidentially Designated Information and to ensure that no further or greater unauthorized disclosure of such information or materials is made by anyone, and each party will cooperate in good faith in that effort. Nothing provided in this paragraph shall limit any party's right to seek sanctions from the Court for violation of this Order.

10. <u>Filing Papers with the Court</u>.

(a) The parties shall in good faith, and as practicable within the needs of the Litigation, seek to limit disclosures of Confidentially Designated Information in materials filed with the Court to those that are directly relevant to issues properly before the Court for decision. Any party intending to file Confidentially Designated Information or any pleadings, motions, or other Court papers that disclose Confidentially Designated Information (the "Intended Filing") shall provide to the Producing Entity (by hand or by facsimile) written notice of such Intended Filing no less than five business days prior to the filing date. The Producing Entity may apply for an order directing that such Intended Filing be filed electronically and sealed by the Clerk of the Court upon filing. Absent an order to the contrary, the Intended Filing may be made in the ordinary course.

(b) Any Confidentially Designated Information filed under seal pursuant to Court order shall be filed electronically and shall have a cover page conspicuously

bearing (i) the caption of this action, (ii) the designation "Confidential Information, Filed Under Seal -- Governed by Court Order Entered __[Date of this Order]__."

(c) ~~In the event this action goes to trial and a Party wishes to publish Confidentially Designated Information to the jury, the Party wishing to use the Confidentially Designated Information must identify the information to the Producing Entity with sufficient advance warning so that the Producing Entity, if it chooses, can provide copies of the Confidentially Designated Information without any confidential designations.~~

11. <u>Return, Destruction, and Retention of Confidentially Designated Information</u>. Within sixty (60) days after the final resolution of each party's involvement as a party in this Litigation, through either judgment and appeals (if applicable) or settlement, all Confidentially Designated Information shall be returned to the Producing Entity or destroyed. If destroyed, the Receiving Party shall certify to the Producing Entity that the Confidentially Designated Information was in fact destroyed and indicate the date of the destruction. If the Producing Entity requests that its Confidentially Designated Information not be destroyed, each Receiving Party shall return such information to the Producing Entity. Notwithstanding anything else in this paragraph, a party shall not be required to deliver to another party any documents containing attorney work product, but shall be permitted to destroy such documents; and each party's counsel of record shall be permitted to retain, for archival purposes, one copy of any document containing Confidentially Designated Information.

12. <u>Third Party Attempts to Compel Disclosures</u>. If any Receiving Party receives a subpoena or other process from any person seeking production of a Producing Entity's

Confidentially Designated Information, the Receiving Party shall give notice to the Producing Party at least fourteen (14) days befor the return date, or if the time to comply is less than 14 days, as soon as possible, enclosing a copy of the subpoena or other process. No disclosure may be made pursuant to the subpoena or other process until the Producing Entity has been given such notice and has had a reasonable opportunity to seek to quash such subpoena or process.

13. <u>Producing Entity's Rights</u>. Nothing in this Order limits a Producing Entity's rights to use, distribute or publish any Discovery Material it produces.

14. Nothing in this Order shall prevent or prejudice a Producing Entity from seeking additional or greater protection with respect to the use or disclosure of Confidentially Designated Information in connection with any hearing or other proceeding in this Litigation.

15. The provisions of this Stipulated Protective Order shall survive the final resolution of each party's involvement as a party in this Litigation, through either judgment and appeals (if applicable) or settlement, and of the Court's jurisdiction.

16. The parties agree to seek approval of the Court with respect to this Stipulated Protective Order. Notwithstanding the pendency of approval by the Court, this Stipulated Protective Order shall become effective among the parties who have executed it immediately upon its execution. If approval by the Court is ultimately denied, the parties agree that they will nevertheless treat any Confidentially Designated Information that has been produced prior to the Court's denial as though it were confidential within the meaning of this Stipulated Protective Order, and will act in conformance with the requirements of any protective order entered by the Court.

SO STIPULATED:

Dated:   New York, New York
         March- 2, 2008

| COOLEY GODWARD KRONISH LLP | HELLER EHRMAN LLP |
|---|---|
| By: /s/ Philip C. Tencer<br>Philip C. Tencer<br>Ryan E. Blair | By: /s/ Daniel J. Dunne<br>Daniel J. Dunne (*pro hac vice*)<br>Joshua B. Selig (JS-1271) |
| 4401 Eastgate Mall<br>San Diego, CA 92101<br>(858) 550-6000 | 701 Fifth Avenue, Suite 6100<br>Seattle, WA 98104<br>(206) 447-0900 |
| Celia Goldwag Barenholtz (CB 9126)<br>Shannon McKinnon (SK 9377) | Patryk J. Chudy (PC-8815) |
| The Grace Building<br>1114 Avenue of the Americas<br>New York, New York 10036<br>(212) 479-6000 | Times Square Tower<br>7 Times Square<br>New York, New York 10036<br>(212) 832-8300 |
| *Attorneys for Plaintiff*<br>*Tang Capital Partners, LP* | *Attorneys for Defendant*<br>*Cell Therapeutics, Inc.* |

SO ORDERED.

Dated: 3 April        , 2008

_____
U.S.D.J.

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

TANG CAPITAL PARTNERS, LP,

                      Plaintiff,

      v.

CELL THERAPEUTICS, INC.,

                      Defendant.

---------------------------------------------------------------x

No. 08 Civ. 0017 (CM) (DCF)

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

### EXHIBIT A TO STIPULATION AND PROTECTIVE ORDER

      I hereby attest to my understanding that confidential documents, information or other materials are being provided to me pursuant to the terms and conditions of the Stipulation and Protective Order executed by the parties and entered by the Court in the above-captioned litigation. I hereby attest that I have been given a copy of and have read the Stipulation and Protective Order and that I agree to be bound by it and its terms. I agree that I shall not disclose to others, except in accordance with the terms of the Stipulation and Protective Order, such confidential documents, information or other materials. I further agree that the U.S. District Court for the Southern District of New York has jurisdiction to enforce the terms of the Stipulation and Protective Order, and I consent to jurisdiction of that Court over my person for that purpose.

      If I am signing on behalf of a firm of court reporters, videographers or litigation support vendors, I further state that I have authority to sign on behalf of my firm, and that I will make sure that all firm personnel who work on this litigation are made aware of this Stipulation and Protective Order and the firm's responsibilities hereunder.

Date: _____   Signature: _____

Name (type or print):
Position:
Firm:
Address:
Phone:
Fax: